AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

1418 22nd Street, South East
Apartment 4, Washington, D.C.

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER:

(Further described below)

I   John Lauer   being duly sworn depose and say:

I am a(n)   Special Agent with the Immigration Customs Enforcement   and have reason to believe
            (Official Title)

that (name, description and or location)
within the premises known as 1418 22nd Street, South East Apartment 4, Washington, D.C.

in the District of Columbia, there is now concealed a certain person or property, namely (describe the person or property to be searched)
records, documents and other evidence fruits and instumentalities of crime as further described in Attachment A to the Affidavit

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
evidence and fruits of crime

concerning a violation of Title  18  United States Code, Section(s)  952, 960 . The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.     YES   x☐   NO

Patricia Stewart
Federal Major Crimes
(202)202-

Signature of Affiant
,

Sworn to before me, and subscribed in my presence

_____        at Washington, D.C.
Date

_____        _____
Name and Title of Judicial Officer      Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT

**Purpose of the affidavit**

1. This affidavit is being submitted in support of the following:

   a. An anticipatory search warrant for the premises known as 1418 22ND Street, Apt 4, South East, WASHINGTON, DC 20020. The premises are described as a two-story residence located on the east side of 22nd Street, South East with the front door facing west. The nearest cross street for 1418 22nd Street, South East is Fairlawn Ave., South East that is situated diagonally and to the north of 22nd Street, South East. The house has a red brick front with a white front door and a white doorframe. The doorframe displays the numbers, "1418" in a diagonal slope. Through the front door is a staircase leading to a small second story landing. At the top of the landing and to the right is a door displaying the number, "3". At the top of the landing and to the left is a white door with a 3" by 3" gold colored sticker displaying the number, "4" in black.

2. Based on the facts set forth in this affidavit, I respectfully submit there is probable cause to believe that there is presently concealed, or will be concealed upon completion of a controlled delivery of a package known to contain controlled dangerous substances, in the premises known and described above, the items described in Attachment A hereto, all of which constitutes evidence, fruits, and instrumentalities of, inter alia, violations of Title 21, United States Code, Sections 952(a), 963 and 960, which prohibit the importation of controlled substances, and the attempt and conspiracy to import controlled substances.

3. The information set forth below is based upon this affiant's personal observations or upon information provided to me by other law enforcement officers participating in the investigation as indicated. As the purpose of this affidavit is only to establish probable cause, your affiant has not set forth each and every fact known concerning this investigation.

**Your Affiant**

4. I, John Lauer, being duly sworn, depose and state as follows:

I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE) and

have been so employed since January 2007. I am currently assigned to the Special Agent in Charge, Washington D.C. Field Office. I have attended the twelve-week Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) and the twelve-week Immigration and Customs Enforcement Special Agent Training Program at FLETC, during which I received training in detection of and laws concerning controlled substances. I have participated in the execution of more than 30 search and arrest warrants related to child exploitation, fraudulent documents, alien smuggling, firearms and narcotics violations, and I am familiar with federal procedure involved in the execution of federal search and arrest warrants. Prior to this employment, I served eight years in the United States Navy, operating as a Navy SEAL.

**Overview of Investigation**

6.      On December 19, 2007, an international mail parcel from Tilak Nagar, India, was selected for a Customs examination by Officers from Customs and Border Protection (CBP), JFK International Mail Facility, New York, New York..

7.      An individual named Henry LNU shipped the package from WZ-142 Kvirhna Park, Tilak Nagar, India 110018. The package is addressed to TIM COX, 1418 22ND Street South, South East, Apt 4, Washington, DC 20020. The package was opened and examined, and was found to contain two pairs of shoes. In addition, there was a tan powder substance inside of plastic bags within the bottoms of the two shoe boxes.

8.      A sample of the white powder was tested by CBP using a Narcotic Detection Kit. The result of the tests showed a positive reaction for the presence of heroin.

9.      Laureen Zizzo, CBP, was contacted and arranged for the package to be delivered overnight via DHL to SA John Lauer at 22685 Holiday Park Drive, Suite 10, Dulles, VA 20166. The package was delivered to that address on December 20, 2007 and a subsequent field test revealed positive for

the presence of heroin.10.     Your affiant was able to confirm that the address listed on the package, 1418 22ND Street South, South East, Apt 4, Washington, DC 20020 is a legitimate address. As of the time this affidavit was written, the name on the package, TIM COX, has not been identified.

11.     Based on the foregoing, I submit that there is probable cause to believe that an individual having or using the name TIM COX and others, presently unknown, are engaged in the unlawful importation of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. Sections 952, 963(a) and 960.

12.     Based upon your affiant's training and experience, participation in this and other narcotics investigations, I know the following:

Narcotics traffickers often use fictitious names on shipments of illegal drugs in order to hinder law enforcement from identifying them if the shipment is intercepted.

Narcotics traffickers often maintain financial records and financial instruments related to their narcotics transactions and the profits derived from those transactions including, but not limited to, currency, bank checks, cashiers checks, Western Union receipts, money orders, stocks, bonds, precious metals, and real estate records.

Narcotics traffickers frequently maintain books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of controlled substances. Such documentation is frequently maintained where the traffickers have ready access to them, including their homes.

Narcotic traffickers commonly maintain books, records and other documents that identify and contain the names, addresses and/or telephone or pager numbers of associates in their narcotics trafficking activities, including, but not limited to: address books, telephone books, rolodexes,

cellular telephones, pagers, personal digital assistants (PDA's), notes reflecting names, telephone numbers, photographs (to include still photographs, negatives, movies, slides, video tapes and undeveloped film), and audiotape recordings of conversations, including those made over a telephone answering machine.

Those dealing in narcotics trafficking often maintain identification and travel documents, including, but not limited to, tickets, transportation schedules, passports, notes and receipts related to travel, and motel/hotel receipts.

Indicia of occupancy, residency and/or ownership of the premises to be searched are often present in such premises.

13. Based upon all of the foregoing, your affiant is requesting an anticipatory search warrant to be executed at the Subject Premises only if: (a) the person receiving the package is observed either within, entering or departing the Subject Premises; or (b) the person receiving the package is identified as a resident of the Subject Premises; or (c) your affiant receives other specific information at the time of the controlled delivery that identifies the Subject Premises as associated with the person accepting the package.

14. Based upon all the foregoing, your affiant feels there is probable cause to believe that (a) the package will be accepted by a person or persons at the subject premises in violation of Title 21, United States Code, Sections 952 and 963; and (b) a search of the subject premises will produce additional evidence pertaining to the conspiracy and importation of controlled substances.

**Conclusion**

Based on all the foregoing information, therefore, I respectfully request that the Court issue an anticipatory warrant to search the subject premises, located at 1418 22ND Street South, Apt 4, South East, Washington, DC 20020.  In addition your affiant would also request this warrant be a "no knock" warrant, based on training and experience, an announcement of police before executing the warrant could result in the destruction of evidence, with particularity, the sample of heroin in the delivered package.

Dated this 20th day of December, 2007

_____
John Curtis Lauer, Jr.
Special Agent
United States Immigration and
Customs Enforcement

Sworn to me this
\_\_\_\_ day of December, 2007


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA

## Attachment A

## Items to be Seized

1. Heroin, and all of its known derivatives. Any and all other illegally possessed controlled substances which are identified in the execution of this search warrant;

2. Records of narcotics transactions including, but not limited to, books, ledgers, receipts, notes, and other papers relating to the manufacture, transportation, importation, possession, and distribution of cocaine and other controlled substances;

3. Financial records and other records or documents reflecting narcotics trafficking activity of the disposition of narcotics proceeds, including, but not limited to, currency, bank checks, Western Union receipts, money orders, stocks, bonds, precious metals, and real estate records;

4. Records that identify other co-conspirators who conspired in the smuggling operation described in the affidavit of Special Agent John Lauer including, but not limited to: address books, rolodexes, cellular telephones, pagers, or personal digital assistants (PDA's), notes reflecting telephone numbers, photographs (to include still photographs, negatives, movies, slides, video tapes, and undeveloped film), and audiotape recordings of conversations, including those made over telephone answering machines;

5. Identification documents;

6. Records of travel including, but not limited to, tickets, transportation schedules, passports, notes and receipts to travel, and motel/hotel receipts;

7. Indicia of occupancy, residency, and/or ownership of the premises, including keys, photographs, or documents,

All of which constitute evidence, fruits, and instrumentalities of, inter alia, violations of Title 21 United States Code, Sections 952 and 963, which prohibit the importation of controlled substances and the attempt and conspiracy to import controlled substances.